UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIS ARIEL MARTINEZ CASTELLANOS,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07077-DAD-SCR

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT

(Doc. Nos. 1, 2)

On September 3, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

On September 4, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 8, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), but acknowledged that in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) the Ninth Circuit held that § 1226(a) governs petitioner's detention. (*Id.* at 1.) Respondents argue that petitioner is therefore entitled to seek only a custody redetermination. (*Id.*) Respondent does not contend this case is materially distinguishable from the undersigned's prior decisions holding that noncitizens released into the United States are entitled to pre-deprivation custody hearings. (*Id.*) Respondents do not oppose the court deciding this case on the merits, and the court will do so.

Based on respondent's representations, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Alexis Ariel Martinez Castellanos, A-File No. 246-801-901, from respondent's custody on the same conditions he was subject to prior to his recent re-detention;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE